IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LOU ANNE PERKINS, INDIVIDUALLY §
AND AS NEXT FRIEND OF WARNER §
W. PERKINS AND AS BENEFICIARY §
OF THE ESTATE OF WARNER W. §
PERKINS, §
 §
                Plaintiff, § Civil Action No. 3:10-CV-2295-D
 §
VS. §
 §
APRIA HEALTHCARE, INC., §
 §
                Defendant. §

MEMORANDUM OPINION
AND ORDER

Defendant Apria Healthcare, Inc. ("Apria") moves under 28 U.S.C. § 1404(a) to transfer this case to the Eastern District of Texas, Sherman Division (Plano docket). For the reasons that follow, the court denies the motion.

I

Apria was the sole provider of oxygen tanks and other medical equipment to Warner Perkins ("Warner"), the deceased husband of plaintiff Lou Anne Perkins ("Perkins"). Warner suffered from interstitial lung disease, among other ailments, and used an oxygen tank at all times to aid his breathing. Throughout his illness, Apria delivered oxygen tanks and other medical equipment to his home in The Colony, Denton County, Texas. His health began to decline rapidly in 2007, and he died in 2008. Perkins alleges that she began to notice inconsistencies and defects in the condition, performance, and maintenance of the oxygen tanks that Apria

delivered at around the same time as Warner's health began to decline rapidly. Specifically, she asserts that Apria delivered incorrect equipment, failed to supply all the equipment prescribed by Warner's doctors, and delivered equipment with leaks, frozen delivery lines, and defective or missing pressure gauges. Perkins maintains that these defects caused the rapid decline in Warner's health and his eventual death.

Perkins sued Apria in Texas state court in Dallas County for negligence, violation of the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. §§ 17.41-17.826 (West 2011), fraudulent misrepresentation, and breach of express warranty. Apria removed the case to this court based on diversity of citizenship. It now moves to transfer the case to the Eastern District of Texas, Sherman Division (Plano docket).

II

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "The decision to transfer is made to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Bank One, N.A. v. Euro-Alamo Invs., Inc.*, 211 F.Supp.2d 808, 811 (N.D. Tex. 2002) (Fitzwater, J.) (citations omitted). The court cannot transfer a case where the

result is merely to shift the inconvenience of the venue from one party to another. *Fowler v. Broussard*, 2001 WL 184237, at *6 (N.D. Tex. Jan. 22, 2001) (Fitzwater, J.) (citing *Enserch Int'l Exploration, Inc. v. Attock Oil Co.,* 656 F.Supp. 1162, 1167 n.15 (N.D. Tex. 1987) (Fitzwater, J.)). Moreover,

> [t]he plaintiff's choice of venue is . . . entitled to deference, and therefore the party seeking transfer has the burden to show good cause for the transfer. The burden on the movant is "significant," and for a transfer to be granted, the transferee venue must be "clearly more convenient than the venue chosen by the plaintiff."

*Pinnacle Label, Inc. v. Spinnaker Coating, LLC*, 2009 WL 3805798, at *8 (N.D. Tex. Nov. 12, 2009) (Fitzwater, C.J.) (citations omitted). "When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer." *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*").

The court must decide as a preliminary question "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam) ("*Volkswagen I*"); *Volkswagen II,* 545 F.3d at 312 ("The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue."). In deciding whether to transfer the case, the court then evaluates "a number of private

and public interest factors, none of which are given dispositive weight." *Volkswagen I*, 371 F.3d at 203 (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004)).

> The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or] the application of foreign law.

*Id.* (internal quotation marks and citations omitted). "Although [these] factors are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive." *Volkswagen II*, 545 F.3d at 315. Apria must establish "good cause" for transferring the case, meaning that, "in order to support its claim for a transfer, [it] must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Id.* (quoting § 1404(a)).

III

A

The court first decides "whether the judicial district to which transfer is sought would have been a district in which the

and public interest factors, none of which are given dispositive weight." *Volkswagen I*, 371 F.3d at 203 (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004)).

> The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or] the application of foreign law.

*Id.* (internal quotation marks and citations omitted). "Although [these] factors are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive." *Volkswagen II*, 545 F.3d at 315. Apria must establish "good cause" for transferring the case, meaning that, "in order to support its claim for a transfer, [it] must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Id.* (quoting § 1404(a)).

III

A

The court first decides "whether the judicial district to which transfer is sought would have been a district in which the

claim could have been filed." *Volkswagen I*, 371 F.3d at 203. Apria contends that venue is proper in the Eastern District because a substantial part of the events giving rise to Perkins' claims took place at her home in The Colony, Denton County, Texas, which is located in the Eastern District. Perkins responds that venue is also proper in the Northern District because a substantial part of the events giving rise to her claims occurred in Apria's Dallas branch office, where the oxygen tanks Warner used were filled, maintained, and dispatched.

Venue is governed by 28 U.S.C. § 1391(a), which provides, in relevant part, that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Perkins does not dispute that the oxygen tanks she complains of were delivered to her home in Denton County, which is located in the Eastern District, or that venue is proper in that district. But venue is proper in this district, even if it may also lie in the Eastern District, because Perkins' claims substantially concern Apria's duties and diligence in maintaining, repairing, and filling these oxygen tanks at its Dallas branch office. "[V]enue, of course, may be proper in more than one district." *Middlebrook v. Anderson*, 2005 WL 350578, at *5 (N.D. Tex. Feb. 11, 2005) (Fitzwater, J.) (finding proper venue in this district where substantial part of events at issue may also

have taken place in California). Apria does not dispute that the oxygen tanks about which Perkins complains were serviced and filled at its Dallas branch office in Irving, Texas. Venue is proper in this district because a substantial part of the events giving rise to Perkins' claims occurred here, even if a substantial part of the events supporting her claims may also have occurred in the Eastern District, where her home is located.

B

The court next considers the private interests in transferring the case, and concludes that they do not weigh for or against transfer in this case. First, the court evaluates the relative ease of access to sources of proof in each of the suggested venues and the availability of compulsory process to secure the attendance of witnesses. The court finds that these factors are neutral. Apria argues that the sources of proof are more conveniently available in the Eastern District because Denton, where Perkins resides and where the oxygen tanks remain, is only 10.5 miles from the Eastern District's Plano courthouse. The court determines that the comparative difficulty in producing this evidence in Plano and Dallas is insubstantial. Further, there do not appear to be any unwilling witnesses in this case whose testimony must be compelled.[1] The court thus concludes that these considerations do

---

[1] To the extent compelled testimony could be required of a witness residing in The Colony, Denton County, this court could subpoena such a witness to give testimony at a location in this

- 6 -

not weigh either for or against transfer.

The court next considers the cost of attendance for willing witnesses. The availability and convenience of witnesses is the most significant factor in deciding a § 1404(a) motion to transfer. *See Sw. Airlines Co. Profit Sharing 401(k) Comm. v. UBS Global Asset Mgmt. (Am.), Inc.*, 2007 WL 268808, at *3 (N.D. Tex. Jan. 29, 2007) (Fitzwater, J.). Apria argues that this factor favors transfer because Perkins lives approximately 20 miles closer to Plano than to Dallas. But Perkins chose the Dallas forum, and her burden of attendance is substantially the same whether the case is tried in Dallas or Plano. Apria does not identify other witnesses whose travel burdens would be substantially greater if the court denies the motion.[2] Apria has not satisfied its burden to show that the choice of forum should be disturbed on this basis, and the court finds that this factor does not weigh in favor of or against transfer. Because Apria has not pointed to any evidence to be evaluated under the fourth factor, the court also counts as neutral

---

district within 100 miles of the witness's residence in The Colony, Denton County. *See* Fed. R. Civ. P. 45(c)(3)(A)(ii).

[2]Apria also urges transfer on the basis that Perkins' counsel maintains an office in Richardson, Texas, which is closer to the Northern District's Dallas courthouse than the Eastern District's Plano courthouse. To the extent that Apria is attempting to rely on an argument based on the convenience of counsel, this consideration is irrelevant. *See, e.g., NDC Invs. LLC v. Lehman Bros., Inc.*, 2006 WL 2051030, at *2 n.7 (N.D. Tex. July 21, 2006) (Fitzwater, J.) (holding that convenience of counsel is not a relevant factor in determining whether to transfer a case under § 1404(a)).

all other practical problems that make trial of a case easy, expeditious and inexpensive.

C

The court now turns to the public interests in transferring the case, and finds that none of them weighs either for or against transfer. First, the court evaluates the comparative administrative difficulties due to court congestion in the potential venues. Apria suggests that the case would encounter fewer practical difficulties, like court congestion, on the Plano docket of the Eastern Division because the Plano docket is less full due to its age. Both the Northern District and the Eastern District routinely dispose of cases in an efficient and timely fashion, and the court perceives no advantage in transferring the case on these grounds.

The second factor evaluates the local interest in the dispute. The court considers this factor to be neutral because a local interest exists in both the Eastern District, where Warner lived and received delivery of Apria's oxygen tanks, and the Northern District, where Apria maintained and filled the tanks. Similarly, contrary to Apria's argument, jurors sitting in either location would have an interest in deciding the disputed factual issues concerning oxygen tanks either maintained or delivered in the district where they live.

The third and fourth factors consider the potential for

transfer to create a conflict of laws or to require a court to apply the unfamiliar law of another state. Because this court and the Eastern District would both apply Texas law in this case, there is no potential for transfer to create a conflict of laws or to require either court to apply unfamiliar law. The court regards these factors as neutral.[3]

D

Plaintiff's choice of venue is "entitled to deference, and therefore the party seeking transfer has the burden to show good cause for the transfer. The burden on the movant is 'significant,' and for a transfer to be granted, the transferee venue must be 'clearly more convenient than the venue chosen by the plaintiff.'" *Pinnacle Label*, 2009 WL 3805798, at *8 (citations omitted). "When the plaintiff's choice is not its home forum . . . the presumption in the plaintiff's favor 'applies with less force[.]'" *Tempur-Pedic Intern., Inc. v. Go Satellite, Inc.*, ___ F.Supp.2d ___, 2010 WL 5101186, at *9 n. 6 (N.D. Tex. Dec. 8, 2010) (Fitzwater, C.J.) (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007)). The presumption nevertheless remains, and

---

[3]In fact, the court thinks that in only an unusual case would the private interest factors support transferring a case from the Dallas Division of this court to its nearby neighbor, the Plano docket of the Sherman Division of the Eastern District of Texas. And while the court does not presume that the public interest factors will never support a transfer, it notes that two of the four factors (the third and fourth) will never support transferring the case. The first two public interest factors will therefore carry the load in justifying a transfer.

it is the movant's burden to show good cause for the transfer. Because Apria has not shown that any factor in the court's analysis favors transfer, the court denies the motion.

* * *

For the reasons explained, Apria's December 2, 2010 motion to transfer venue is denied.

**SO ORDERED.**

March 16, 2011.

                                          _____
                                          SIDNEY A. FITZWATER
                                          CHIEF JUDGE